UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOVIND LNU,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No.: 26-CV-04668 JAO (MSB)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>(ECF No. 1) |

Before the Court is Petitioner Govind LNU ("Petitioner")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Also before the Court is Respondents Christopher LaRose's (Warden, Otay Mesa Detention Center); Patrick Divver's (San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE")); Todd Lyon's (Acting Director, ICE); Markwayne Mullin's (Secretary, United States Department of Homeland Security ("DHS")); Todd Blanche's (Acting Attorney General of the United States); DHS; and ICE's (collectively,

"Respondents" or the "Government") Return to the Petition (ECF No. 4), and Petitioner's Traverse (ECF No. 7)[1].

For the following reasons, the Court **DENIES** the Petition.

## BACKGROUND

Petitioner is a citizen of India. *See* ECF No. 1 ¶ 1. He entered the United States on February 22, 2023. *See id.* ¶ 2. Though Petitioner initially represented that he was immediately apprehended, processed, and granted parole, *see id.*, in his Traverse he stated that he had not been detained on entry, *see* ECF No. 7 at 1. Petitioner proceeded to file his asylum application, obtain work authorization, and integrate into his community. *See* ECF No. 1 ¶ 2. Petitioner also regularly complied with immigration check-ins. *See id.* ¶ 47.

On July 24, 2026, Petitioner traveled with friends to visit a family member on the Miramar Marine Corps Air Station base. *See id.* ¶ 3; ECF No. 4 at 2. When asked for his identification, Petitioner explained his pending asylum application and work authorization, upon which he was arrested and taken to Otay Mesa Detention Center. *See* ECF No. 1 ¶ 3. Petitioner did not receive notice or a pre-detention hearing, nor did Respondents determine that Petitioner was a flight risk or a danger to his community. *See id.* Petitioner now alleges that his detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act ("APA"). *See id.* ¶¶ 55–68.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole

---

[1] Petitioner's initial Traverse was filed on September 1, 2026. ECF No. 6. Petitioner noted that the wrong document had been filed and filed a corrected Traverse the next day. *See* ECF No. 7. Though the Traverse was technically filed past the deadline, the Court nonetheless considers the corrected Traverse (ECF No. 7) in adjudicating the Petition.

judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that his detention without notice or a pre-deprivation hearing violates his right to due process and the APA.[2] *See* ECF No. 1 ¶¶ 55–68; ECF No. 7 at 3. Notably, Petitioner represents that he does not seek a bond hearing, arguing that a bond hearing would not provide appropriate relief. *See* ECF No. 1 at 20–21. Respondents contend that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F.Supp.3d 1084, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) ("*Bautista*"), *see* ECF No. 4 at 2–3, and acknowledge that Petitioner is entitled to a bond hearing, *see id.* at 3–4. Nevertheless, because Petitioner has not pursued the remedy of a bond hearing either here or through the administrative process,

---

[2] While the Petition initially raises a challenge under the APA, *see* ECF No. 1 ¶¶ 60–68, the Traverse makes no mention of the APA at all. The Court interprets this as Petitioner declining to proceed on his APA arguments. More importantly, however, an APA claim requires the existence of a final or otherwise reviewable agency action. *See Navajo Nation v. U.S. Department of the Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017). Where a petitioner has not had his initial 8 U.S.C. § 1226(a) bond hearing, there is no final agency action to be reviewed for abuse of discretion. *See, e.g.*, *Ivanchenko v. LaRose*, 26-cv-1892-JLS-DDL (S.D. Cal. Apr. 10, 2026). Because Petitioner has not yet had his initial 8 U.S.C. § 1226(a) bond hearing, there is no agency action to be reviewed. As such, the Court will decline to consider Petitioner's APA claims at this juncture.

Respondents state that the Court should deny the Petition or, in the alternative, stay a decision until Petitioner's bond hearing has concluded. *See id.* at 4. In his Traverse, Petitioner reiterates that his detention without notice or a pre-deprivation hearing violates his constitutional rights and that bond would be inappropriate in this scenario. *See generally* ECF No. 7.

While the Ninth Circuit stayed the application of *Bautista* beyond the Central District of California, the Ninth Circuit's decision in *Rodriguez Vasquez v. Bostock* suggests that members of Petitioner's class (*i.e.*, persons present without admission who are apprehended in the interior of the United States) are subject to 8 U.S.C. § 1226(a), rather than the detention regime outlined in § 1225(b)(2)(A). *See Rodriguez Vasquez*, No. 25-6842, slip op. at 10 (9th Cir. 2026). 8 U.S.C. § 1226(a) generally governs the detention and release (on bond or on conditional parole) of noncitizens during removal proceedings. Individuals can request a custody redetermination (i.e., a bond hearing) by an immigration judge at any time before a final order of removal is issued. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk, the immigration judge will order his release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Petitioner entered the United States in February 2023 without admission, and was first apprehended in July 2026. *See* ECF No. 1 ¶ 1; ECF No. 7 at 1. Petitioner is thus subject to the provisions of 8 U.S.C. § 1226(a) and is clearly entitled to a bond hearing, upon which the immigration judge will determine his eligibility for release. *See, e.g.*, *Esquival-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2025); *Garcia Garcia v. Mullin*, 2026 WL 1303159, at *1 (S.D. Cal. May 12, 2026) (acknowledging *Bautista* and ordering bond hearing). But while Petitioner acknowledges that 8 U.S.C. § 1226(a) applies to his situation, *see* ECF No. 1 at 11, Petitioner maintains that a bond hearing would not constitute appropriate relief, *see id.* at 20–21. Instead, Petitioner

argues that as a noncitizen who was granted work authorization and who lived at liberty for years while his immigration case proceeded, he holds a protected liberty interest in remaining free from custody and may not be detained without pre-deprivation process. *See* ECF No. 7 at 5, 7. And Petitioner states that a post-deprivation bond hearing cannot cure the violation of his constitutional rights. *See id.* at 9.

The Court is not persuaded. The Court recognizes Petitioner's substantial interest in freedom from restraint. But the cases Petitioner cites to that order immediate release on due process grounds—besides being out of this District—have involved an additional consideration absent here: namely, that the government had previously released the petitioner from custody and subsequently revoked that liberty without a hearing. *See Villanueva-Montanez v. Lyons*, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026); *Reyes Servin v. Semaia*, 2026 WL 1670852, at *7 (C.D. Cal. June 4, 2026); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025).[3]

Petitioner, by contrast, has not been previously released on bond or parole and had his release subsequently revoked. Rather, his present detention constitutes his initial custody determination under 8 U.S.C. § 1226(a). And 8 U.S.C. § 1226(a) provides the process for determining whether that detention is lawful: an individualized bond hearing before an immigration judge. Consistent with other courts in this District, the Court concludes that the appropriate remedy in cases like Petitioner's is a bond hearing, rather than immediate release. *See, e.g.*, *Villegas Solano v. Noem*, 26-cv-1278-BAS-DDL (S.D. Cal. Mar. 10, 2026); *Rito Reanos v. LaRose*, 26-cv-1925-BJC-DEB (S.D. Cal. Apr. 23, 2026); *Mendez-Reyes v. Mullin*, 26-cv-2372-BAS-SBC (S.D. Cal. Apr. 24, 2026); *Singh*

---

[3] The other cases that Petitioner cites to are both out-of-District and similarly inapposite. For instance, in *Kharitonova v. Albarran*, the petitioner had lived in the United States for thirteen years before her mandatory detention, for which she sought a temporary restraining order and preliminary injunction. 2026 WL 531441, at *1 (N.D. Cal. Feb. 25, 2026). In that case, the government maintained that petitioner wasn't entitled to even a bond hearing. *See id.*

*v. Warden*, 26-cv-557-CAB-BLM (S.D. Cal. Feb. 6, 2026); *Gatica v. Mullin*, 26-cv-2001-BJC-JLB (S.D. Cal. Apr. 20, 2026).

As set forth above, while the Court would ordinarily grant a bond hearing in situations like Petitioner's, because Petitioner has represented that he does not seek a bond hearing, *see* ECF No. 1 at 20–21; ECF No. 7, the Court will deny the Petition at this juncture. Petitioner is not barred from reraising the issues presented in the Petition to seek the appropriate relief.

**CONCLUSION**

Based on the foregoing, the Court **DENIES** the Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice.[4]

**IT IS SO ORDERED.**

Dated: September 10, 2026

Jill A. Otake
United States District Judge

---

[4] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 13. The EAJA requires that the fee applicant be a "prevailing party." *See* 28 U.S.C. § 2412; *Meza-Vasquez v. Garland*, 993 F.3d 726, 728 (9th Cir. 2021). Because Petitioner has not "prevailed" on the Petition at this juncture, Petitioner is not entitled to fees under the EAJA and that request is denied.